IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GRANT TRESSLER, | ) | Case No. 3:17-cv-32 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SUMMIT TOWNSHIP and the | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is a Motion to Dismiss filed by the Department of Transportation of the Commonwealth of Pennsylvania ("PennDot") (ECF No. 34). For the reasons explained below, the Court will **grant** PennDot's Motion to Dismiss. The Court will also **grant** Plaintiff leave to file a second amended complaint.

### II. Jurisdiction

The Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

Plaintiff, a property owner in Somerset County, Pennsylvania, brings this action under § 1311(a) of the Clean Water Act ("the Act")[1] and the Pennsylvania Clean Streams Law, 35 Pa. C.S. § 691.1 *et seq.* ("PCSL"). Plaintiff claims that Summit Township and PennDot caused—and continue to cause—damage to his property and the waters of the United States by maintaining a "ditch-and-culvert system" that discharges storm water and untreated sewage onto his property and, ultimately, into the Casselman River which borders his property. (*See* ECF No. 26.)

Plaintiff's Amended Complaint asserts three Counts against Summit Township and PennDot: (1) a violation of the CWA and the PCSL; (2) common law continuing trespass; and (3) common law continuing nuisance. (*See* ECF No. 26.) Plaintiff seeks declaratory and injunctive relief, as well as statutory civil penalties and compensatory damages. (*Id.* at 12-13.)

On December 29, 2017, PennDot filed its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 34).[2] PennDot asserts that Plaintiff's claims are barred by Eleventh Amendment sovereign immunity because PennDot is an arm of the Commonwealth of Pennsylvania. (*See* ECF No. 35 at 4-8.)

---

[1] As the Supreme Court recently explained,
> Congress enacted the Clean Water Act in 1972 "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." § 1251(a). One of the Act's principal tools in achieving that objective is § 1311(a), which prohibits "the discharge of any pollutant by any person," except in express circumstances. A "discharge of a pollutant" is defined broadly to include "any addition of any pollutant to navigable waters from any point source," such as a pipe, ditch, or other "discernible, confined and discrete conveyance." §§ 1362(12), (14).

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 623 (2018).

[2] Summit Township filed an Answer on 12/13/2017. (ECF No. 31.)

2

In her Brief in Opposition to PennDot's Motion to Dismiss, Plaintiff seems to concede that (1) a state cannot be sued for monetary damages in federal court absent Congressional abrogation or waiver, neither of which apply here, and (2) that, while state *officials* may be sued in their official capacities for prospective injunctive relief, Plaintiff's Amended Complaint fails to assert any claims against state officials in their official capacities. (*See* ECF No. 36 at 2-4.) Having conceded these points, Plaintiff asks this Court for leave to amend to file a second amended complaint. (*See id.* at 3-4.) Accordingly, the Court construes Plaintiff's Brief in Opposition as a motion for leave to file a second amended complaint.

IV.  **Legal Standards**

   A.  **Motion to Dismiss**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[3] First, the court must "tak[e] note of

---

[3] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675-79. Thus, the Third Circuit has described the process as a three-step

3

the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[4] U.S. Const. amend. XI. The Supreme Court "has long 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ... which it confirms.'" *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73 (2000) (quoting

---

approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

[4] The Supreme the Court has long held that "the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996) (internal citations omitted)). This presupposition is that "the States entered the federal system with their sovereignty intact [and] that the judicial authority in Article III is limited by this sovereignty . . . ." *Blatchford v. Native Vill. of Noatak & Circle Vill.,* 501 U.S. 775, 779 (1991) (citing *Welch,* 483 U.S. at 472). "Accordingly, for over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel,* 528 U.S. 62 at 73, (citing *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 669–670 (1999)).

But "a state's Eleventh Amendment protection from federal suits—whether brought by citizens of their state or another—is not absolute." *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161, 168 (3d Cir. 2002). Federal courts recognize three exceptions to Eleventh Amendment sovereign immunity: (1) "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority'" *Bd. of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363 (2001) (internal citations omitted); (2) "a state may waive its sovereign immunity by consenting to suit" *Koslow,* 302 F.3d 161, 168 (3d Cir. 2002) (citing *Coll. Sav. Bank,* 527 U.S. at 670) (internal citations omitted)); and (3) a state official may be sued in his or her official capacity for prospective injunctive relief under the "legal fiction" of *Ex parte Young,* 209 U.S. 123 (1908).[5] *See Kentucky v. Graham,* 473 U.S. 159, 167

---

[5] As the Supreme Court has noted, *Ex Parte Young* rests on the "obvious fiction" that an official capacity suit seeking prospective injunctive relief "is not really against the State, but rather against an individual who has been 'stripped of his official representative character' because of his unlawful conduct." *Virginia Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 267 (2011) (quoting *Ex Parte Young,* 209 U.S. at 159-160.) Thus, "*Ex parte Young* also rests on the 'well-recognized irony

(1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State."); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief.")

V.  Discussion

Plaintiff cannot invoke the first exception to sovereign immunity because "citizen suits filed pursuant to the provisions of the Clean Water Act do not abrogate a state's Eleventh Amendment immunity." *Duffy v. Kent Cty. Levy Court, Inc.*, No. CIV. 09-817-SLR, 2011 WL 748487, at *6 (D. Del. Feb. 23, 2011) (citing *Burnette v. Carothers*, 192 F.3d 52 (2d Cir. 1999) and *Natural Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 423 (9th Cir. 1996)); *see also Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir. 2000) (citing *Seminole Tribe*, 517 U.S. at 63–73) (holding that "Article I of the Constitution does not" abrogate Eleventh Amendment Immunity) and *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 133 (1985) (explaining that Congress "intended to . . . exercise its powers under the Commerce Clause" in enacting the Clean Water Act).

Plaintiff similarly cannot invoke the second exception to sovereign immunity because "the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute." *Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 165 (3d Cir. 2011)

---

that an official's unconstitutional conduct constitutes state action under the Fourteenth Amendment but not the Eleventh Amendment.'" *Virginia Office for Prot. & Advocacy*, 563 U.S. at 272 (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 105 (1984) (internal quotation marks omitted)).

6

(citing *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) and 42 Pa. C.S. § 8521(b)); *Nails v. Pennsylvania Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011).[6]

Accordingly, to maintain her claim against PennDot, Plaintiff must satisfy the *Ex parte Young* exception to sovereign immunity. However, Plaintiff cannot satisfy *Ex parte Young* because Plaintiff failed to sue any state officials in their official capacities. (*See* "First Amended Complaint," ECF No. 26.) Therefore, Plaintiff failed to state a plausible claim for relief against PennDot.

Because Plaintiff failed to state a plausible claim for relief against PennDot, the Court will **grant** PennDot's Motion to Dismiss (ECF No. 33).

## VI. Leave to Amend

As noted above, Plaintiff asks this Court for leave to file a second amended complaint that names state officials in their official capacities and properly seeks prospective injunctive relief under *Ex parte Young*.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 126 (3d Cir. 2015) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)). Amendment would be futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Munchak v. Ruckno*, 692 F. App'x 100, 102 (3d Cir. 2017) (internal citations omitted).

---

[6] 42 Pa. C.S. § 8521 reads, "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

7

The Court finds that amendment would not be futile with respect to a claim for prospective injunctive relief under *Ex parte Young*. Therefore, the Court will **grant** Plaintiff leave to file a second amended complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GRANT TRESSLER, | ) | Case No. 3:17-cv-32 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| SUMMIT TOWNSHIP and the COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 16th day of February, 2018, upon consideration of PennDot's Motion to Dismiss (ECF No. 34), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** as follows:

1. PennDot's Motion to Dismiss (ECF No. 34) is **GRANTED**.

2. The Court **FURTHER GRANTS** Plaintiff leave to file a second amended complaint.

    a. Plaintiff shall have **14 days** from the date of this Order to file a second amended complaint.

    b. Responsive pleadings shall be due **14 days** after Plaintiff files his second amended complaint.

3. The remaining dates in the Initial Scheduling Order (ECF 18) remain unchanged.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

1